USDC SCAN INDEX SHEET











HANDLERY HOTELS INC

US CONSUMER PRODUCT

RAB   12/16/97   9:57
3:97-CV-01100
*33*
*O.*

FILED

DEC 5 1997

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HANDLERY HOTELS, INC. and FIREMAN'S FUND INSURANCE COMPANIES,<br><br>Plaintiffs,<br><br>vs.<br><br>U.S. CONSUMER PRODUCT SAFETY COMMISSION,<br><br>Defendant. | CASE NO. Civ. 97-1100<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR IMPROPER VENUE |

## I. BACKGROUND

**A.   Case type and jurisdiction**

This is an action brought pursuant to the Freedom of Information Act, 5 U.S.C. § 552 et seq., to enjoin the United States Consumer Products Safety Commission ("USCPSC") from withholding from public disclosure certain records of the USCPSC. The Court has federal question jurisdiction over this matter. 28 U.S.C. § 1331.

**B.   Factual background**

This suit is brought by Handlery Hotels, Inc. ("Handlery"), and Fireman's Fund Insurance Co. ("Fireman's Fund"), its insurer. Handlery operates a hotel in San Diego. A fire destroyed a golf cart storage area on the hotel property on July 19, 1996. This fire loss was insured by Fireman's Fund. Yamaha golf carts and Lester Electrical battery chargers were present in the area when the fire started. Plaintiffs believe that defects in these products may have caused the fire.

### C. Procedural background

In 1996, Plaintiffs filed four Freedom of Information Act ("F.O.I.A.") requests with the USCPSC seeking information regarding Yamaha golf carts, Lester Electrical battery chargers, and Club Car, Inc. The USCPSC did release some documents, but it partially denied the requests, stating that certain records were exempt from disclosure. Plaintiffs filed an administrative appeal of the denial on April 10, 1997, which was denied on May 14, 1997. Plaintiffs then filed the instant suit challenging USCPSC's contention that the records are exempt from disclosure on June 9, 1997. On July 25, 1997, Defendant sent a notice to the manufacturers of the products in question to inform them that it was considering releasing further documents and to give them an opportunity to submit objections.

On September 3, 1997, the Court conditionally granted Plaintiffs' motion for a Vaughn index, ordering Defendant either to file a Vaughn index or a motion for summary judgment with supporting affidavits by September 30, 1997. Defendant filed a motion to dismiss, transfer venue, or for summary judgment on September 30, 1997. Defendant's motion states that after reviewing the comments submitted by the manufacturers in response to its July 25, 1997 notice, it decided to release 117 pages of documents to Plaintiffs. Defendant released these documents on October 31, 1997. Plaintiffs filed an opposition brief, a cross-motion for summary judgment, and a request for sanctions and *in camera* review on November 14, 1997. Defendant filed a reply to Plaintiffs' opposition and an opposition to Plaintiffs' cross-motion and request for sanctions and *in camera* review on December 3, 1997. Plaintiffs filed a reply to Defendant's opposition on December 9, 1997.

Upon due consideration of the moving and responding papers and for the reasons stated below, the Court hereby GRANTS Defendant's motion to dismiss Plaintiff's complaint for improper venue, without prejudice.

## II. DISCUSSION

### A. Standard of law for venue under F.O.I.A.

In deciding a motion to dismiss or transfer for improper venue brought under Fed. R. Civ. P. 12(b)(3), a district court is not required to accept the facts alleged in the pleadings as true, and the court may consider facts outside the pleadings. Argueta v. Banco Mexicano, S.A., 87 F.3d 320, 324

1  (9th Cir. 1996). If venue is improper, 28 U.S.C. § 1406(a) requires dismissal, or, if it is in the
2  interests of justice, transfer to another district, upon a timely and sufficient objection by the
3  defendant. Further, once an objection to venue has been raised, the plaintiff bears the burden of
4  establishing that venue is proper. A district court's decision to dismiss or transfer a case for improper
5  venue is reviewable only for abuse of discretion. Spradlin v. Lear Siegler Management Servs. Co.,
6  926 F.2d 65, 867 (9th Cir. 1991).

7  **B.      Defendant's motion to dismiss or transfer venue**

8  F.O.I.A. grants jurisdiction over disputes concerning withheld agency records to "the district
9  court of the United States in the district in which the complainant resides, or has his principal place of
10 business, or in which the agency records are situated, or in the District of Columbia." 5 U.S.C. §
11 552(a)(4)(B). USCPSC claims that the District of Southern California is not the proper forum for
12 this case. Because USCPSC raised an objection to venue in its first responsive pleading in this action
13 (its answer), it has not waived the right to bring a motion to dismiss or transfer venue. Fed. R. Civ.
14 P. 12(h)(1).

15 Corporations reside where they have their principal places of business. USCPSC asserts that
16 Handlery Hotels has its principal place of business in San Francisco, California, and that Fireman's
17 Fund Insurance Co. has its principal place of business in Novato, California. Both of these cities are
18 located in the Northern District of California. Plaintiffs have not alleged where their principal places
19 of business are located. USCPSC claims that the agency records in question are located in Suitland,
20 Maryland, which Plaintiffs have not denied.

21 Plaintiffs argue that venue is proper in this Court because their F.O.I.A. request was made by
22 their attorney in San Diego, correspondence regarding the request was sent by USCPSC to counsel in
23 San Diego, and the fire that created the need for the F.O.I.A. request occurred in San Diego.
24 Plaintiffs also claim that they would be prejudiced by a transfer of venue because their counsel of
25 choice is in San Diego. However, Plaintiffs' counsel is not named as a plaintiff in this action. None
26 of Plaintiffs' arguments establish that venue in the Southern District of California is proper under
27 F.O.I.A. Under 28 U.S.C. § 1406(a), dismissal or transfer is mandatory when cases are not brought
28 in the proper venue.

## III. CONCLUSION

Defendant's venue argument is a technicality, but it is valid. Therefore, the Court will dismiss Plaintiffs' complaint without prejudice. Because Plaintiffs' complaint is dismissed on procedural grounds, the Court does not reach the merits of Defendant's motion for summary judgment, Plaintiffs' cross-motion for summary judgment, or Plaintiffs' motion for sanctions and in camera review.

IT IS SO ORDERED.

DATED: DEC 15 1997

UNITED STATES DISTRICT JUDGE

cc:  All Parties
     Magistrate Judge